UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1854-JAK (AGR) | Date | January 10, 2020 |
|---|---|---|---|
| Title | Fernando Jesus Jaime v. Unknown | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Karl Lozada | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**Proceedings:** In Chambers: **ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO IDENTIFY ANY DEFENDANT AND SERVE PROCESS**

On September 26, 2019, Plaintiff, a county inmate proceeding *pro se*, filed a civil rights complaint that alleged two claims against unknown defendants.

On November 7, 2019, the Court dismissed Claim Two with leave to file a First Amended Complaint within 30 days after the order. Plaintiff was advised that, if he did not file a timely First Amended Complaint, Claim Two would be dismissed and the action would proceed only on Claim One. (Dkt. No. 9.)

Plaintiff has not filed a First Amended Complaint or otherwise communicated with the court. Accordingly, this action proceeds only on Claim One. In Claim One, Plaintiff alleged he was being booked on August 26, 2019 at 16:49 p.m. When he was called for fingerprints, the officer had to call Plaintiff's name more than once. The officer came to the cell and asked Plaintiff if his name was Fernando Jaime. The officer snatched Plaintiff out of the cell by the arm and restrained him by his wrist even though Plaintiff did not resist. Plaintiff screamed and cried out. Plaintiff asked for the officer's badge number. The officer said "fuck you" and left without asking whether he needed medical attention. The incident occurred between 16:49 p.m. and 11:11 a.m. Plaintiff went to medical two weeks later and found out that he needed surgery on the right hand. (Compl. at 5.)

Plaintiff does not name any defendant and does not identify the facility where he was located at the time of booking. Therefore, the court is unable to order service of process of the complaint on any defendant.

"If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1854-JAK (AGR) | Date | January 10, 2020 |
|---|---|---|---|
| Title | Fernando Jesus Jaime v. Unknown | | |

shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

A "pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary information to help effectuate service" under 28 U.S.C. § 1915 and Rule 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990); *accord, Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

When service cannot be accomplished due to the pro se plaintiff's failure to submit the required information, and the plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice is appropriate. *Walker*, 14 F.3d at 1421-22 (holding that prisoner failed to show cause why his claims against prison official should not be dismissed under Rule 4(m) when prisoner failed to show "he provided the marshal with sufficient information to serve [the defendant]").

Plaintiff must identify a defendant for Claim One and provide contact information where he or she may be served. Plaintiff may conduct discovery of the facility where he was booked to obtain the name of the officer and the address where he may be served. The Clerk will be directed to send Plaintiff a blank subpoena form for Plaintiff to fill out with the name of the facility and a request, for example, for production of any incident report for Plaintiff on August 26 and 27, 2019; and any documents identifying the officer who brought him to fingerprinting on those dates. Plaintiff may send the completed subpoena back to the court for service on the facility after review by the court.

IT IS ORDERED that Plaintiff show cause in writing, **on or before February 11, 2020,** why the complaint should not be dismissed pursuant to Rule 4(m) or for failure to prosecute.

If Plaintiff does not timely response to this order to show cause **on or before February 11, 2020**, Claim One of the complaint be dismissed without prejudice for failure to serve process under Rule 4(m) or for failure to prosecute. Claim Two will be dismissed for failure to state a claim for relief as stated in the Order dated November 7, 2019.

Initials of Preparer     kl